1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL SAMUEL JOHNSON,

11           Petitioner,                    No. 11-cv-2715 GEB CKD P

12       vs.

13   GARY SWARTHOUT,

14           Respondent.              ORDER TO SHOW CAUSE

15   _____/

16           Petitioner, a former inmate of the California Department of Corrections and

17   Rehabilitation (CDCR), proceeds pro se with a petition for writ of habeas corpus pursuant to 28

18   U.S.C. § 2254.  Following this court's order of November 10, 2011, petitioner proceeds on a

19   single claim: that he suffered a due process violation in connection with a 2010 prison

20   disciplinary proceeding in which he was found guilty of obstructing a peace officer in the

21   performance of duty and sanctioned with 90 days loss of earned credit, among other penalties.

22   Petitioner requests that the rules violation report be dismissed and his 90 days of credit be

23   restored.  (Dkt. No. 1 at 9.)

24           Inmates have a liberty interest protected by the Due Process Clause of the

25   Fourteenth Amendment in earned good conduct sentence credit.  E.g. Superintendent v. Hill, 472

26   U.S. 445, 453 (1985).  Because good time credits impact the duration of a prisoner's

1

1  confinement, a prisoner may generally challenge a prison disciplinary conviction by petition for

2  writ of habeas corpus if the conviction resulted in the loss of good time.  Preiser v. Rodriguez,

3  411 U.S. 475, 487-88 (1973) (suit seeking restoration of good time credits was "within the core

4  of habeas corpus in attacking the very duration of their physical confinement itself").

5         However, Article III of the Constitution limits federal courts to the adjudication of

6  actual, ongoing controversies between litigants.  Deakins v. Monaghan, 484 U.S. 193, 199

7  (1988); see also Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (holding that federal

8  courts "have an independent duty to consider" mootness sua sponte).  "The case-or-controversy

9  requirement demands that, through all stages of federal judicial proceedings, the parties continue

10  to have a personal stake in the outcome of the lawsuit."  United States v. Verdin, 243 F.3d 1174,

11  1177 (9th Cir. 2001) (internal quotation marks and citation omitted).  The basic question in

12  determining mootness is "whether there is a present controversy as to which effective relief can

13  be granted."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007).

14  A case or controversy must exist throughout all stages of litigation.  Spencer v. Kemna, 523 U.S.

15  1, 7 (1998).  If at any time during the course of litigation a plaintiff ceases to suffer, or be

16  threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed

17  by a favorable judicial decision," the matter is moot.  Id. at 7.

18         An exception to the mootness doctrine applies to claims that are "capable of

19  repetition, yet evading review."  Spencer, 523 U.S. at 17.  To invoke this exception, it must be

20  shown that "(1) the challenged action was in its duration too short to be fully litigated prior to its

21  cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining

22  party will be subjected to the same action again."  First Nat'l Bank of Boston v. Bellotti, 435

23  U.S. 765, 774 (1978) (citation omitted).  "A mere speculative possibility of repetition is not

24  sufficient."  Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977).  "There must be a cognizable

25  danger, a reasonable expectation, of recurrence for the repetition branch of the mootness

26  exception to be satisfied."  Id.

1    A habeas petition becomes moot when the petitioner's injury cannot be redressed

2  by a favorable decision.  Burnett, 432 F.3d at 1000-01; see also Wilson v. Terhune, 319 F.3d

3  477, 479 (9th Cir. 2003), cert. denied 539 U.S. 933 (holding that in order for a suit to be

4  maintained after a habeas corpus petitioner's release from prison, "[s]ome collateral consequence

5  of the conviction must exist.") (citing Spencer, 523 U.S. at 7)).

6    Collateral consequences flow from a criminal conviction, because "once

7  convicted, one remains forever subject to the prospect of harsher punishment for a subsequent

8  offense as a result of federal and state laws that either already have been or may eventually be

9  passed." Chacon v. Wood, 36 F.3d 1459 (9th Cir. 1994).  Therefore, a prisoner's challenge to his

10  criminal conviction is generally not rendered moot by his release from custody.  Id.  This

11  presumption of collateral consequences does not apply to revocations of parole (Spencer, 523

12  U.S. at 12-14) or to the outcomes of prison disciplinary actions (Wilson, 319 F.3d at 480),[1] in

13  which case the petitioner must prove that such consequences exist.  See Spencer, 523 U.S. at 8,

14  12 (parole revocation); Cochran v. Buss, 381 F.3d 637, 641 (7th Cir. 2004) (per curiam) (loss of

15  good-time credits).

16    Here, it appears from petitioner's change of address to a non-prison address that

17  he has either completed his sentence or been released on parole.  (Dkt. Nos. 32, 34.)  This is a

18  signal that his due process claim challenging the 2010 prison disciplinary proceeding has become

19  moot.[2]  See Wilson, 319 F.3d at 480; Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002).

20  _____

21    [1] In Wilson, in contrast to the present case, the petitioner did "not challenge the
punishment he received as a result of the disciplinary proceeding, which he acknowledged [was]
no longer at issue.  Rather, he contend[ed] that the existence of the 115 itself [would] result in
22  adverse collateral consequences." Wilson, 319 F.3d at 481.  In this case, petitioner challenges
not the existence of the disciplinary conviction but rather, the punishment he received which
23  included the loss of good time credits.

24    [2] Petitioner's release from prison does not divest this court of jurisdiction based on the "in
custody" jurisdictional requirement of section 2254(a).  That requirement "has been interpreted
25  to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is
'under the conviction or sentence under attack *at the time his petition is filed*.'" See Resendiz v.
26  Kovensky, 416 F.3d 952, 956 (9th Cir. 2005) (emphasis added) (quoting Maleng v. Cook, 490

1    In <u>Nonnette</u>, a parolee sued state prison officials under 42 U.S.C. § 1983 for damages, alleging

2    that they had violated his constitutional rights by revoking good-time credits in a disciplinary

3    proceeding without any supporting evidence.  <u>Nonnette</u>, 316 F.3d at 874.  The district court

4    granted summary judgment for the state officials, citing <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994),

5    which holds that before an inmate can maintain a civil rights complaint that necessarily

6    challenges the validity of the underlying decisions that caused the inmate's continued

7    confinement, he must first show that those determinations have been set aside in a successful

8    habeas corpus petition.  The Ninth Circuit reversed the district court's decision, holding that

9    Nonnette did not need to first file a habeas corpus petition since such a petition would not satisfy

10    the case or controversy requirement of Article III:

11            After the district court entered its decision, Nonnette was released
              from the incarceration of which he complains, and is now on

12            parole.  Were he to seek a writ of habeas corpus, his petition would
              present no case or controversy because establishing the invalidity

13            of his disciplinary proceeding could have no effect on the 360 days
              of additional incarceration or the 100 days of administrative

14            segregation that resulted from it.  Nor could such relief have any
              effect on the term of his parole.  As a consequence, his petition for

15            habeas corpus would have to be dismissed as moot.  <u>See</u> <u>Spencer v.</u>
              <u>Kemna</u>, 523 U.S. 1 (1998).

16

17    <u>Nonnette</u>, 316 F.3d at 875-76.

18           The situation contemplated by the Ninth Circuit in <u>Nonnette</u> is similar to the

19    situation presented by petitioner's due process challenge to his 2010 disciplinary proceeding at

20    CSATF/SP.  At the time petitioner initiated this action in October of 2011, he properly alleged an

21    Article III case or controversy because he was still incarcerated and serving his sentence, which

22    included an additional 90 days due to loss of 90 days earned credit from the disciplinary action in

23    question.

24    /////

25

26    U.S. 488, 490-91 (1989) (per curiam)).

1    Upon petitioner's release, however, his request for relief became moot unless he

2    can show either (1) that so-called "collateral consequences" flow from the punishment he

3    received for the disciplinary action in question (see Spencer, 523 U.S. at 14-16; Wilson, 319 F.3d

4    at 479-80), or (2) that establishing the invalidity of his disciplinary proceeding and the resulting

5    loss of 90 days credit would shorten his term of his parole, if he is currently serving one. [3]

6    "When a prisoner's claim would not 'necessarily spell speedier release,' that

7    claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under [42 U.S.C.]

8    § 1983. Skinner v. Switzer, 131 S. Ct. 1289, 1299 n.13 (2011) quoting Wilkinson v. Dotson, 544

9    U.S. 74, 82 (2005); see also Skinner, 131 S. Ct. at 1299 (majority notes the Supreme Court has

10   never recognized a writ of habeas corpus as an available remedy where the relief sought would

11   neither terminate custody, accelerate the future release date, nor reduce the level of custody).

12   In sum, because petitioner has already served the 90 day term of incarceration that

13   resulted from the finding of guilt on his challenged 2010 disciplinary action, it appears there is no

14   relief which this court can afford and petitioner's due process claim has become moot. See

15   Spencer, 523 U.S. at 12-14; Wilson, 319 F.3d at 480. Further, the facts of this case do not fall

16   within the exception for claims that are "capable of repetition, yet evading review," because the

17   mere possibility of repetition is too speculative. See Williams, 549 F.2d at 143. Accordingly,

18   petitioner may attempt to show cause why his petition should not be dismissed as moot.

19   /////

20   /////

21

22
23    [3] The Ninth Circuit has held that a federal inmate's release from prison did not render his
     action challenging the Bureau of Prisons' calculation of good time credits moot because of "[t]he
     'possibility' that the sentencing court might exercise discretion to reduce his term of supervised
24   release under 18 U.S.C. § 3583(e)(2)." Tablada v. Thomas, 533 F.3d 800, 802 n.1 (9th Cir.
     2008) (citing Mujahid v. Daniels, 413 F.3d 991, 994-95 (2005) (same)); see also Reynolds v.
25   Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010). The federal supervised release statute allows a
     sentencing court considerable discretion to terminate, extend, or revoke a term of supervised
26   release under various circumstances. See generally 18 U.S.C. §3583(e). Of course, the federal
     supervised release statute has no applicability to petitioner, a former state prisoner.

5

1        In accordance with the above, IT IS HEREBY ORDERED that:

2            1.  To avoid dismissal of his petition, within 30 days, petitioner shall show cause

3    why his petition for writ of habeas corpus should not be dismissed as moot.  Respondent may

4    reply within 14 days after service of petitioner's response to this order.  Petitioner is instructed

5    that failure to respond may be considered a basis for dismissal of the petition pursuant to Local

6    Rule 110.

7     Dated: March 1, 2013

8                                    _____

9                                    CAROLYN K. DELANEY
                                     UNITED STATES MAGISTRATE JUDGE

10

11
     8
12   john2715.showcause

13

14

15

16

17

18

19

20

21

22

23

24

25

26