IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON,

    Petitioner,           No. 11-cv-2715 GEB CKD P

    vs.

GARY SWARTHOUT,

    Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a former inmate of the California Department of Corrections and Rehabilitation (CDCR), proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Following the court's order of November 10, 2011, petitioner proceeds on a single claim: that he suffered a due process violation in connection with a 2010 prison disciplinary proceeding in which he was found guilty of obstructing a peace officer in the performance of duty and sanctioned with 90 days loss of earned conduct credit, among other penalties.  Petitioner requests that the rules violation report be dismissed and his 90 days of credit be restored.  (Dkt. No. 1 at 9.)

        On March 1, 2013, following petitioner's change of address to a non-prison address, petitioner was ordered to show cause why his petition should not be dismissed as moot.  (Dkt. No. 35.)  Petitioner has responded to the court's order, stating that he is still serving a term

1

of community supervision and that if his petition is successful, the restored conduct credits can be applied to shorten his remaining term of supervision. (Dkt. No. 38 at 1.) In addition, petitioner states that he intends to file a civil rights suit pursuant to 42 U.S.C. § 1983 upon the granting of his petition. (Id.) Respondent has not filed a reply.

Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. Deakins v. Monaghan, 484 U.S. 193, 199 (1988); see also Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (holding that federal courts "have an independent duty to consider" mootness sua sponte). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted).

The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007). A case or controversy must exist throughout all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. Id. at 7.

A habeas petition becomes moot when the petitioner's injury cannot be redressed by a favorable decision. Burnett, 432 F.3d at 1000-01; see also Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003), cert. denied 539 U.S. 933 (holding that in order for a suit to be maintained after a habeas corpus petitioner's release from prison, "[s]ome collateral consequence of the conviction must exist.") (citing Spencer, 523 U.S. at 7)). Collateral consequences flow from a criminal conviction, because "once convicted, one remains forever subject to the prospect of harsher punishment for a subsequent offense as a result of federal and state laws that either already have been or may eventually be passed." Chacon v. Wood, 36 F.3d 1459 (9th Cir. 1994).

1    Therefore, a prisoner's challenge to his criminal conviction is generally not rendered moot by his
2    release from custody. Id.  This presumption of collateral consequences does not apply to the
3    outcomes of prison disciplinary actions (Wilson, 319 F.3d at 480),[1] in which case the petitioner
4    must prove that such consequences exist. See Cochran v. Buss, 381 F.3d 637, 641 (7th Cir.
5    2004) (per curiam) (challenged loss of good-time credits).

6            No United States Supreme Court or Ninth Circuit precedent explicitly addresses
7    whether a habeas petition seeking the restoration of good conduct credits becomes moot when
8    the petitioner is released from prison to a term of parole or supervision.  As set forth, petitioner
9    alleges that the restoration of conduct credits could reduce his remaining term of community
10   supervision.  The Ninth Circuit has clearly indicated in dicta, however, that a parolee's claims
11   involving the loss of good time become moot upon release from prison.  In Nonnette v. Small, a
12   state parolee sued state prison officials under 42 U.S.C. § 1983 for damages, alleging that they
13   had violated his constitutional rights by revoking good-time credits in a disciplinary proceeding
14   without any supporting evidence.  Nonnette, 316 F.3d 872, 874 (9th Cir. 2002).  The district
15   court granted summary judgment for the state officials, citing Heck v. Humphrey, 512 U.S. 477
16   (1994), which holds that before an inmate can maintain a civil rights complaint that necessarily
17   challenges the validity of the underlying decisions that caused the inmate's continued
18   confinement, he must first show that those determinations have been set aside in a successful
19   habeas corpus petition.  The Ninth Circuit reversed the district court's decision, holding that
20   Nonnette did not need to first file a habeas corpus petition since such a petition would not satisfy
21   the case or controversy requirement of Article III.  The Ninth Circuit explained:
22   /////

---

[1] In Wilson, in contrast to the present case, the petitioner did "not challenge the punishment he received as a result of the disciplinary proceeding, which he acknowledged [was] no longer at issue. Rather, he contend[ed] that the existence of the 115 itself [would] result in adverse collateral consequences." Wilson, 319 F.3d at 481. In this case, petitioner challenges not only the existence of the disciplinary conviction but also the punishment he received which included the loss of good time credits.

> After the district court entered its decision, Nonnette was released from the incarceration of which he complains, and is now on parole. Were he to seek a writ of habeas corpus, his petition would present no case or controversy because establishing the invalidity of his disciplinary proceeding could have no effect on the 360 days of additional incarceration or the 100 days of administrative segregation that resulted from it. Nor could such relief have any effect on the term of his parole. As a consequence, his petition for habeas corpus would have to be dismissed as moot. See Spencer v. Kemna, 523 U.S. 1 (1998).

Nonnette, 316 F.3d at 875-76.

> We are satisfied, therefore, that if he now filed a petition for habeas corpus attacking the revocation of his good-time credits... (as well as the administrative calculation of his release date), his petition would have to be dismissed for lack of a case or controversy because he has fully served the period of incarceration that he is attacking.

Id. at 876.

The situation contemplated by the Ninth Circuit in Nonnette is the same situation presented by petitioner's due process challenge to his 2010 prison disciplinary proceeding, except that petitioner is serving a community supervision term rather than a parole term. Petitioner has fully served the 90 day period of alleged overincarceration under attack. He states that restoration of his credits could be applied to his community supervision term; however, Nonnette unequivocally indicates, albeit in dicta, to the contrary. Although Nonnette dealt with a petitioner serving a term of parole, rather than community supervision, this distinction should not affect the mootness determination.[2] Neither parole nor community supervision are equivalent to

---

[2] The distinction is as follows: under California's "realignment" law effective October 1, parolees who were already placed on state parole prior to that date remain under the supervision of the CDCR. Cal. Penal Code § 3000.09(b). Persons released from state prison on or after October 1, 2011 who fall into certain categories, including conviction of serious or violent felonies, also continue to be placed on state parole under CDCR's jurisdiction and supervision. Cal. Penal Code § 3000.08 (a), (c). However, low-level offenders who are released from state prison on or after October 1, 2011 and who do not fall into certain categories are supervised on release by counties under the newly created Post-Release Community Supervision program, rather than by CDCR. See Cal. Penal Code §§ 3000.08(a), 3451.

4

1  actual incarceration; rather, both are mandatory periods to be served *following* release. See
2  People v. Cruz, 207 Cal.App.4th 664 (5th Dist. 2012) ("A defendant sentenced to state prison is
3  subject to a mandatory period of supervision following release, either parole supervision by the
4  state (§ 3000 et. seq.), or postrelease community supervision by a county probation department (§
5  3450 et seq.)."). In fact, since petitioner is serving a community supervision term that is
6  supervised by a county rather than by CDCR (see Cal. Penal Code §§ 3000.08(a), 3451), it
7  plainly appears even more so in his case than in the situation contemplated by the Nonnette court
8  that the administrative recalculation of his sentence by respondent, a CDCR official, would not
9  affect the length of his separate and distinct community supervision term being served under the
10 jurisdiction of a county.

11         Petitioner also requests the court to find that his petition is not moot so that he can
12 file a civil rights suit pursuant to 42 U.S.C. § 1983 upon the granting of his petition. As
13 discussed, however, under Ninth Circuit precedent petitioner is not Heck-barred from filing a
14 civil rights suit without first obtaining habeas corpus relief. Nonnette, 316 F.3d at 875-76.

15         In sum, petitioner has failed to allege collateral consequences flowing from the
16 prison disciplinary conviction and accompanying loss of conduct credits at issue, and it appears
17 that a favorable judicial decision would not afford him relief from the alleged injury. Because he
18 has already served the 90 day term of incarceration that resulted from his finding of guilt on the
19 challenged disciplinary action, there is no relief which this court can award. As to collateral
20 consequences, the undersigned notes that even if petitioner is found to be in violation of his
21 community supervision term, his subsequent re-incarceration would be a consequence of that
22 new violation, not the earlier revocation of conduct credits due to the challenged disciplinary
23 action.

24         Further, the facts of this case do not fall within the exception for otherwise moot
25 claims that are "capable of repetition, yet evading review," because the mere possibility of
26 repetition is too speculative and petitioner cannot demonstrate "that the time between [the

deprivation of conduct credits] and [release from prison] is always so short as to evade review." Spencer, 523 U.S. at 18.  The petition is moot and should be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be DISMISSED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 15, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
john2715.157